AF Approval *TLK for SCN*                                              Chief Approval

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO. 2:23-cr-144-SPC-KCD

EVAN GRAVES

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, Evan Graves, and the attorney for the defendant, Douglas Molloy, Esq., mutually agree as follows:

**A.   Particularized Terms**

1.   Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Counts One charges the defendant with Wire Fraud, in violation of 18 U.S.C. § 1343.

2.   Maximum Penalties

Counts One carries a maximum sentence of twenty years imprisonment, a fine of up to $250,000.00, or twice the gross gain caused by the offense, or twice the gross loss caused by the offense, whichever is greater, a term of supervised release of not more than three years, and a special assessment of $100 per count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim

Defendant's Initials _____

of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are as follows:

First: the defendant knowingly devised or participated in a scheme to defraud the United States Small Business Administration (SBA) by using false or fraudulent pretenses, representations, or promises;

Second: the false pretenses, representations, or promises were about a material fact;

Third: the defendant acted with the intent to defraud;

Fourth: the defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

4. Indictment Waiver

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with

Defendant's Initials ⎯⎯⎯⎯

2

committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.   Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to the United States Small Business Administration.

7.   Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the

Defendant's Initials _____                3

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials ___

4

10.   <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

a. an order of forfeiture in the amount of approximately $1,355,600.00, which represents the proceeds the defendant personally obtained from the fraud;

b. the real property located at 2973 Palm Beach Boulevard, Fort Myers, FL 33916;

c. the real property located at 1751 Winkler Avenue, Fort Myers, FL 33901;

d. the real property located at 2646 Central Avenue, Fort Myers, FL 33901;

e. the real property located at 4646 Amherst Court, Fort Myers, FL 33907;

f. the real property located at 2328-2330 Victoria Avenue, Fort Myers, FL 33901; and

g. the real property located at 2335 Victoria Avenue, Fort Myers, FL 33901

which assets were purchased or funded with proceeds of the offenses to which the defendant is to plead guilty.

The net proceeds from the forfeiture and sale of any specific asset(s) will be credited to and reduce the amount the United States shall be entitled to forfeit as substitute assets pursuant to 21 U.S.C. § 853(p).

Defendant's Initials ____

The defendant acknowledges and agrees that (1) the defendant personally obtained approximately $1,355,600.00 in proceeds as a result of the commission of the offenses and (2) as a result of the acts and omissions of the defendant, the proceeds not recovered by the United States through the forfeiture of the directly traceable assets listed herein have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Therefore, the defendant agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit any other property of the defendant (substitute assets), up to the amount of proceeds the defendant obtained, as the result of the offenses of conviction and, further, the defendant consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of proceeds obtained from commission of the offenses and consents to the entry of the forfeiture order into the Treasury Offset Program.

The defendant additionally agrees that since the criminal proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence, the preliminary and final orders of forfeiture should authorize the United States Attorney's Office to conduct discovery (including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas), pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to help identify, locate, and forfeit substitute assets.

The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence and the United

Defendant's Initials _____     6

States shall not be limited to the forfeiture of the substitute assets, if any, specifically listed in this plea agreement.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture (including substitute assets) and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control, including all assets held by nominees, to execute any

Defendant's Initials _____    7

documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

Defendant's Initials _____     8

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including the forfeiture of any substitute assets, is final.

**B.      Standard Terms and Conditions**

1.      Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials _____          9

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant

Defendant's Initials _____         10

or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United

Defendant's Initials _____          11

States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred

Defendant's Initials                     12

in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials _____            13

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _G_                14

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

On or about March 13, 2020, the President of the United States declared the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic of sufficient severity and magnitude to warrant an emergency declaration for all states, tribes, territories, and the District of Columbia pursuant to Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 – 5207.

On or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which provided emergency assistance to small business owners affected by the COVID-19 pandemic. One source of relief provided by The CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program (PPP). Another source of relief was the Economic Injury Disaster Loan (EIDL) program, which was an existing Small Business Administration (SBA) program that provided low-interest financing to small businesses affected by federally declared disasters. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible businesses experiencing substantial financial disruption due to the COVID-19 pandemic and waived certain

Defendant's Initials _[initials]_     15

rules and requirements for businesses seeking COVID-19 EIDLs. The CARES Act also authorized the SBA to issue advances (also known as Economic Injury Disaster Grants or EIDG) of up to $10,000 to small businesses applying for an EIDL. The EIDG was determined by the number of employees the applicant certified having and did not have to be repaid.

To obtain an EIDL and advance, a qualifying business was required to submit an application directly to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and rental properties' lost rents due to the disaster. The applicant was required to certify that the information in the application was true and correct to the best of the applicant's knowledge. These figures were used by the SBA to calculate the EIDL and advance amount.

In 2020, the defendant, Evan Graves, was a resident of Lee County, Florida who owned and operated various limited liability companies for which he fraudulently sought EIDL funds. Those companies, each of which was organized in the State of Florida, were (i) Downtown Capital Assets LLC, (ii) Lovejoy Portfolio LLC, (iii) Suncoast Portfolio Holdings LLC, (iv) Central Fort Myers Portfolio LLC, (v) Sunshine Park Investments LLC, (vi) National Capital Properties LLC, (vii) Greenwood Park LLC, (viii) EGMM Investments LLC, (ix) Tic Toc Investments LLC, and (x) Onestar Capital Properties LLC.

Between on or about June 20, 2020, and July 23, 2020, the defendant electronically submitted 10 EIDL applications on behalf of the above-mentioned

Defendant's Initials _____                    16

companies that were approved by the SBA. Each EIDL application was electronically submitted by the defendant to the SBA from the Middle District of Florida through servers located outside the State of Florida. In each EIDL application, the defendant falsely represented his companies' number of employees, gross revenues, and lost rents due to the COVID-19 disaster, in order to qualify for large loan amounts and advance funding. In total, the defendant's false and fraudulent representations caused the SBA to approve a total of $1,336,600 in EIDL funds and $20,000 in EIDG funds (totaling $1,356,600), of which $1,355,600 was deposited into bank accounts controlled by the defendant as designated in each EIDL application. (A $100 processing fee per EIDL application was deducted from each loan amount total prior to disbursement). Below is a chart summarizing each fraudulent EIDL application submitted by the defendant that was approved and funded by the SBA:

| Business Name | Number of Employees Claimed | Lost Rents Claimed | Gross Revenues Claimed | Application Date | Loan Amount | Loan Deposit Date |
|---|---|---|---|---|---|---|
| Downtown Capital Assets LLC | 13 | $65,000 | $240,000 | 6/20/2020 | $55,000 | 7/31/2020 |
| Lovejoy Portfolio LLC | 15 | $150,000 | $200,000 | 6/24/2020 | $140,000 | 7/9/2020 |
| Suncoast Portfolio Holdings LLC | 20 | $130,000 | $200,000 | 6/24/2020 | $120,000 | 7/9/2020 |
| Central Fort Myers Portfolio LLC | 20 | $180,000 | $250,000 | 6/24/2020 | $150,000 | 7/21/2020 |
| Sunshine Park Investments LLC | 26 | $157,012 | $256,890 | 6/24/2020 | $147,100 + $10,000 EIDG | 7/9/2020 |

Defendant's Initials ⟨signature⟩

17

| | | | | | | |
|---|---|---|---|---|---|---|
| National Capital Properties LLC | 25 | $153,021 | $260,201 | 6/24/2020 | $143,100 | 7/21/2020 |
| Greenwood Park LLC | 25 | $154,021 | $256,091 | 6/24/2020 | $144,100 + $10,000 EIDG | 7/24/2020 |
| EGMM Investments LLC | 25 | $155,901 | $334,012 | 6/24/2020 | $146,000 | 7/14/2020 |
| Tic Toc Investments LLC | 25 | $151,230 | $235,901 | 6/24/2020 | $141,300 | 7/17/2020 |
| Onestar Capital Properties LLC | 25 | $174,201 | $304,542 | 7/23/2020 | $150,000 | 8/10/2020 |

Following disbursement into bank accounts controlled by the defendant, fraudulently obtained EIDL funds were misused and misapplied by the defendant to, among other things, fund personal investment accounts, pay off personal credit card debt, satisfy mortgages, and purchase real estate. For instance, on or about August 11, 2020, fraudulently obtained EIDL proceeds were used by the defendant to purchase commercial real property located at 2973 Palm Beach Boulevard, Fort Myers, FL 33916. Additionally, fraudulently obtained EIDL proceeds were also used by the defendant to satisfy mortgages on real property located at: (i) 1751 Winkler Avenue, Fort Myers, FL 33901; (ii) 2646 Central Avenue, Fort Myers, FL 33901; (iii) 4646 Amherst Court, Fort Myers, FL 33907; (iv) 2328-2330 Victoria Avenue, Fort Myers, FL 33901; (v) 2251 South Street, Fort Myers, FL 33901, and (vi) 2235 Victoria Avenue, Fort Myers, FL 33901.

Defendant's Initials _____                    18

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _1st_ day of ~~June,~~ December 2023.

ROGER B. HANDBERG
United States Attorney

_____
Evan Graves
Defendant

_Simon R Eth_
Simon R. Eth
Assistant United States Attorney

_____
Douglas Molloy, Esq.
Attorney for Defendant

_Jesus M. Casas_
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

Defendant's Initials _EG_          19